IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR BRADFORD COUNTY, FLORIDA

PIPELINE CONTRACTORS, INC.,
a Florida corporation,

CASE No.: 2014-CA-358

Division:

Plaintiff,

v.

INTERNATIONAL FIDELITY INSURANCE
COMPANY, a foreign insurance company,

Defendant.
_____/

## COMPLAINT ON PAYMENT BOND

Plaintiff, PIPELINE CONTRACTORS, INC. ("PIPELINE"), a Florida corporation, by and through its undersigned counsel, sues Defendant, INTERNATIONAL FIDELITY INSURANCE COMPANY ("FIDELITY"), a foreign insurance company, and alleges:

1.  This is an action for damages that exceed $15,000.00, exclusive of interest, costs and attorney fees.

2.  PIPELINE is a Florida corporation, with its principal place of business located in Starke, Bradford County, Florida.

3.  FIDELITY is a foreign insurance company authorized to conduct business in the State of Florida, and at all times pertinent hereto, acted as a surety. Pursuant to Section 624.422, *Florida Statutes*, service of process against FIDELITY may be made upon the Chief Financial Officer of the State of Florida.

4. On or about February 6, 2013, the Owner, identified as Department of Military Affairs, recorded a Notice of Commencement in the Official Records of Clay County, Florida, for the construction of improvements at Camp Blanding. A copy of the Notice of Commencement is attached as **Exhibit A**.

5. Said Notice of Commencement identified Breaking Ground Contracting Company as the General Contractor ("General Contractor" or "GC").

6. Said Notice of Commencement identified Nielson, Wojtowicz, Neu & Associates ("NWN") as the surety on a payment bond.

7. PIPELINE entered into a Subcontract Agreement with General Contractor, dated October 10, 2012, for improvement of public property located in Clay County, Florida, more fully described as Project #120188-Convoy Live Fire Lane Entry Control Point Re-Bid CLFX-ECP (the "Project"). A copy of the subcontract agreement is attached as **Exhibit B**.

8. Although the Subcontract Agreement was dated October 10, 2012, the parties did not finally execute the agreement until March 3, 2013.

9. On March 8, 2013, PIPELINE delivered its Notice to Owner/Notice to Contractor to the GC, Owner and NWN. A copy of said Notice is attached as **Exhibit C**.

10. FIDELITY, as surety for General Contractor, executed and delivered a Payment Bond for the Project on behalf of the General Contractor. A copy of the Payment Bond is attached as **Exhibit D**.

11. After service of the Notice to Owner/Notice to Contractor, PIPELINE obtained a copy of the Payment Bond provided by FIDELITY for the Project.

12. The Payment Bond identified FIDELITY as the actual Surety, with NWN as the agent.

13. On December 3, 2013, PIPELINE delivered to the General Contractor a notice that the General Contractor had not paid PIPELINE approximately $500,000.00 due under the contract. A copy of the notice is attached a **Exhibit E**.

14. The following day, December 4, 2013, the General Contractor responded to PIPELINE's demand for payment of the $500,000.00 by terminating PIPELINE. The termination notice is attached as **Exhibit F**.

15. PIPELINE immediately served a Notice of Nonpayment pursuant to § 255.05, *Florida Statutes*, to FIDELITY on December 6, 2013. A copy of the Notice of Nonpayment and proof of service is attached as **Exhibit G**.

16. PIPELINE also provided, via certified mail to FIDELITY and NWN, an Account Receivable report, itemizing payments due under the contract of $493,163.49. A copy of the report is attached as **Exhibit H**.

17. On December 9, 2013, FIDELITY acknowledged receipt of the Notice of Nonpayment and amounts claimed under the Payment Bond, and requested PIPELINE file a Proof of Claim with FIDELITY. A copy of the Proof of Claim is attached as **Exhibit I**.

18. On January 10, 2014, as per the request of FIDELITY, PIPELINE delivered the requested Proof of Claim, along with backup documentation. A copy of the Proof of Claim is attached as **Exhibit J**.

19. On January 13, 2014, FIDELITY acknowledged receipt of the Proof of Claim and supporting documents, advising that FIDELITY would process, investigate and review PIPELINE's claim and, if necessary, request more back-up documentation. A copy of the acknowledgment is attached as **Exhibit K**.

20. During its investigation of PIPELINE's claim, FIDELITY never requested any additional information from PIPELINE, nor did FIDELITY contact PIPELINE.

21. On March 5, 2014, FIDELITY denied PIPELINE's claim on the Payment Bond. A copy of FIDELITY's denial of the claim is attached as **Exhibit L**.

22. PIPELINE properly performed the work according to the terms of the Subcontract Agreement with the General Contractor.

23. According to the terms of the Subcontract Agreement, General Contractor was obligated to pay PIPELINE all payments due and owing for PIPELINE's performance of the work under the Subcontract Agreement.

24. General Contractor failed and refuses to pay PIPELINE the full amount due under the Subcontract Agreement.

25. As a result of General Contractor's failure to properly pay, PIPELINE remains unpaid the principal amount of $493,163.49, plus interest.

26. PIPELINE properly made claim under the terms and conditions of the Payment Bond.

27. By failing and refusing to pay PIPELINE, FIDELITY has breached the terms of the Payment Bond it issued for the Project under to § 255.05, *Florida Statutes*, and PIPELINE hereby makes this claim against FIDELITY.

28. Under the terms and conditions of the Payment Bond, venue is proper where the Project is located or "any other place authorized by the provisions of Chapter 47, Florida Statutes."

29. All payments claimed hereunder are due at PIPELINE's principal place of business in Starke, Bradford County, Florida; therefore, venue is proper in Bradford County, Florida.

30. PIPELINE has met all conditions precedent to filing suit on the Payment Bond issued by FIDELITY, or they have otherwise been met, waived or excused.

31. Under the terms and conditions of the Payment Bond, FIDELITY is obligated to pay PIPELINE $493,163.49, plus interest.

32. In bringing this claim, PIPELINE has been forced to retain the undersigned counsel, and has become obligated to pay reasonable attorney fees and costs for the services rendered therewith, for which FIDELITY is liable under Sections 255.05(2), 627.428 and 627.756, *Florida Statutes*.

WHEREFORE, Plaintiff, PIPELINE CONTRACTORS, INC., demands judgment against Defendant, INTERNATIONAL FIDELITY INSURANCE COMPANY, for damages, pre and post judgment interest, costs and attorney fees, and demands a trial by jury of all issues so triable.

Respectfully submitted,

**David L. Worthy**, FL Bar No.: 0045901
**Jeffrey L. Price**, FL Bar No.: 0174750
**NIESEN, PRICE, WORTHY, CAMPO, P.A.**
5216 S. W. 91 Dr., Gainesville, FL 32608
(P) 352/373-9031; (F) 352/373-9099
dave@npw-law.com / jeff@npw-law.com
ATTORNEYS FOR PLAINTIFF
janet@npw-law.com - Legal Assistant