UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

**PIPELINE CONTRACTORS, INC.,**

    **Plaintiff,**                                            CASE NO.:    3:14-cv-01030 MMH-MCR

v.

**INTERNATIONAL FIDELITY**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## DEFENDANT INTERNATIONAL FIDELITY INSURANCE COMPANY'S EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER

Defendant, International Fidelity Insurance Company, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), 45 and Rule 3.01(b) of the Local Rules of the United States District Court for the Middle District of Florida, requests entry of An order quashing the subpoena issued to its employee, Kyle P. Murphy or for protective order precluding Plaintiff from conducting the deposition of Kyle P. Murphy, on June 2, 2015 in Jacksonville, Florida, rather, requiring Plaintiff Pipeline Contractors, Inc. ("PCI") to utilize alternative means to conduct Mr. Murphy's deposition such as videoconferencing. A true and correct copy of the Notice of Deposition for Mr. Murphy's deposition is attached hereto as Exhibit A. A true and correct copy of the subpoena issued to Mr. Murphy by PCI's attorney, David Worthy is attached hereto as Exhibit B ("Murphy Subpoena"). International Fidelity Insurance Company ("IFIC") requests this Court to treat this Motion on an emergency basis because the deposition is currently noticed for June 2, 2105. In support for a finding of good cause to grant this Motion, IFIC states as follows:

## I. Introduction

IFIC's involvement in this matter arises from its issuance of surety bonds on behalf of its principal, Breaking Ground Contracting Company ("BGC"). Plaintiff Pipeline Contractors, Inc. was a subcontractor of BGC and has filed a payment bond claim against IFIC. In connection with the payment bond claim, Pipeline Contractors, Inc. corresponded with Kyle P. Murphy, senior engineer and claim counsel at IFIC. *See* Doc. 2-9. Mr. Murphy works at IFIC's Hunt Valley, Maryland office. *Id.; see also*, Declaration of Kyle P. Murphy attached hereto as Exhibit C ("Murphy Dec."). Mr. Murphy is a resident of the State of Maryland. Murphy Dec. at ¶ 2.

On May 4, 2015, the undersigned received an email from Plaintiff's counsel's office regarding depositions. A true and correct copy of the May 4, 2015 email is attached as Exhibit D. On May 5, 2015, counsel for PCI and the undersigned had a teleconference regarding available dates for depositions in this matter. At that time, undersigned mentioned the fact that Mr. Murphy was a non-resident witness and the issue of the location for Mr. Murphy's deposition was discussed but not resolved.

On May 6, 2015, the undersigned sent an email to Plaintiff's counsel regarding deposition dates and suggested another call to discuss more specifically the deposition schedule. *See* the May 6-7, 2015 email chain between counsel at page 4 which is attached as Exhibit E. In response, the undersigned received an email from Plaintiff's counsel asking what issues were to be discussed. *Id.* The undersigned responded by email with the issues to be discussed regarding the depositions, including the fact that Kyle Murphy is in Maryland and that his deposition could not be compelled in Duval County. *Id.* at 3. Plaintiff's counsel disagreed and there was an exchange of emails to attempt to resolve the issue. As a compromise, the undersigned suggested

other technology could be utilized to conduct this deposition without the requirement of any travel. *Id.* at 1.

On May 11, 2015, the undersigned contacted Plaintiff's counsel, David Worthy, by telephone but was unable to reach him. On May 13, 2015, Plaintiff's counsel served by email the Notice of Deposition for nine different depositions, including Mr. Murphy's, to take place in Jacksonville, Florida. Mr. Murphy's deposition is not noticed pursuant to Fed. R.Civ. P. 30(b)(6). The same day, Plaintiff's counsel had delivered a letter containing subpoenas for various deponents, including Mr. Murphy. The subpoena to Mr. Murphy ("Murphy subpoena") did not include a witness fee payment. Further, the transmittal letter with the subpoenas implies that Mr. Murphy is a party to this matter, as it indicates only the "non-parties" received checks for witness fees. A true and correct copy of the May 13, 2015 letter is attached as Exhibit F.

On May 13, 2015, the undersigned contacted Plaintiff's counsel about Mr. Murphy's deposition in another attempt to resolve the issue of the location or the use of alternative means to conduct the deposition to no avail. Again, on May 14, 2015, the undersigned spoke to Plaintiff's counsel regarding the issue of the location of Mr. Murphy's deposition and to discuss alternative means to conduct the deposition. No resolution was reached, resulting in the filing of the instant Motion.

Because Mr. Murphy's deposition has been noticed for June 2, 2015, it is requested that the Court treat this Motion on an emergency basis so the parties will be able to act accordingly based upon the Court's ruling.

## II. Legal Argument

### A. Subpoena improperly issued and served.

Federal Rule of Civil Procedure 45(c)(1)(A) states that a subpoena may command a person to attend a deposition only within 100 miles of where the resides, is employed or regularly transacts business in person. Mr. Murphy is a resident of the State of Maryland and works in Hunt Valley, Maryland. Murphy Dec. at ¶ 2-3. The Murphy subpoena is addressed to the undersigned's office. *See* Exh. B. However, there was never an agreement that the undersigned would accept service of a subpoena on Mr. Murphy's behalf in Florida. Plaintiff has actual knowledge of Mr. Murphy's location as a result of its direct dealings with him. *See* Doc 2-7, 2-9, 2-10, 2-11 and 2-12. Rule 45(3)(A)(ii) states that a district court must quash or modify a subpoena that requires a person to comply beyond the geographical limits stated in Rule 45(c). Fed. R.Civ. P. 45. Further, Rule 45(d)(1) states that "a party or attorney responsible for issuing and serving a subpoena **must take reasonable steps** to avoid imposing undue burden or expenses on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R.Civ. P. 45(d)(1) (emphasis added). The Murphy subpoena was improperly issued and served. PCI and its counsel have not complied with Rule 45 at all. As a result, the Murphy subpoena should be quashed pursuant to Rule 45(3) and the appropriate sanction imposed as required by Rule 45.

### B. A Motion for Protective Order should be granted to preclude Mr. Murphy's deposition as currently scheduled.

Additionally, Rule 26 provides that a protective order may issue where the movant has shown good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). To make

4

such a showing, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008). Rule 26(c) provides the court with discretion to fashion an appropriate protective order. Fed. R.Civ. P. 26(c). While a party can argue its entitlement to discovery to be conducted in a particular way, the court has the discretionary power pursuant to Rule 26 to prescribe a "different method of discovery other than the one selected by the party . . . if justice so requires." Berlinger v. Wells Fargo, N.A., M.D. Fla Case No. 2:11-cv-459-FtM-29CM (October 31, 2014). This "discretionary power does not depend upon a legal privilege." *Farnsworth v. Proctor & Gamble, Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

A protective order is warranted in this case because the Plaintiff has not complied with Rule 45 regarding the issuance of subpoenas, nor has it complied with Local Rule 3.04 or the Middle District Discovery Handbook regarding the conducting the deposition of a non-resident person. Additionally, the Plaintiff has not noticed a corporate representative deposition of IFIC pursuant to Rule 30(b)(6) which would then implicate Local Rule 3.04's guidance regarding the deposition of a managing agent of a party. PCI has noticed the deposition of a non-resident person, Mr. Murphy, to occur in the Middle District of Florida. *See* Exhibit A. PCI's counsel has refused to consider any alternative means to conduct Mr. Murphy's deposition, despite the undersigned's suggestions to do so to conserve time and reduce costs to all involved. *See* Exhibit E. Additionally, the deposition was noticed for June 2, 2015 without the opportunity to coordinate Mr. Murphy's schedule. He is not available to be deposed on June 2, 2015 due to prior business commitments. Murphy Dec. at ¶ 6.

The guidance contained in Local Rule 3.04 and the Middle District Handbook on Civil Discovery is not implicated in this situation because Mr. Murphy is not the defendant, he is not a managing agent of IFIC and he is a non-resident person. *See id.* Plaintiff's counsel admits that Mr. Murphy is a person and that IFIC is the party defendant. *See* Exh. E at 1. As a result, the rules for deposing a non-resident person should apply to Mr. Murphy and he should be deposed in Maryland or by other electronic means which are readily available.[1] This Court should exercise the discretionary power granted by Rule 26 and fashion a protective order requiring PCI to either conduct Mr. Murphy's deposition in Maryland or to use an alternative method to conduct the deposition, including utilizing the technology available for such purposes.

## III. Conclusion

Based on the foregoing, Defendant, International Fidelity Insurance Company, respectfully requests entry of an order quashing the subpoena issued to Kyle P. Murphy which was delivered to the undersigned's office and the entry of a protective order precluding Plaintiff from proceeding with the deposition of Kyle P. Murphy on June 2, 2015, requiring the Plaintiff to conduct the deposition of Mr. Murphy in Maryland or to utilize such other means to conduct the depositions such as via telephone or videoconferencing, and granting such other and further relief as is just and proper

### **CERTIFICATE OF COMPLIANCE WITH M.D.. FLA. L.R. 3.01(g)**

I HEREBY CERTIFY that, in accordance with M.D. Fla. L.R. 3.01(g), the undersigned has conferred with counsel for Plaintiff, via e-mail and telephone, to address the issues raised in this Motion, counsel for Plaintiff does not agree to the relief sought in this motion.

---

[1] U.S. Legal Services where the Murphy deposition was scheduled has in-house video conferencing capabilities according to its website. See Exhibit G. As a result, it should not be difficult for arrangements to be made to conduct Mr. Murphy's deposition by video.

Respectfully submitted,

s/Helen H. Albee
Helen H. Albee
Florida Bar No. 987257
Henrichsen Siegel, P.L.L.C.
1648 Osceola Street
Jacksonville, FL 32204
Telephone : (904) 381-8183
Facsimile : (904) 212-2800
E-mail : halbee@hslawyers.com
service@hslawyers.com
*Attorney for Defendant International Fidelity Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record on this __th day of May, 2015.

*s Helen H. Albee*
Helen H. Albee